**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**DAVID SHAKIR,**                                                               **PLAINTIFF,**

**VS.**                                                        **CIVIL ACTION NO. 2:08CV178-P-A**

**NATIONWIDE TRUSTEE SERVICES, INC.,**                     **DEFENDANT.**

<u>**ORDER**</u>

These matters come before the court upon the defendant's motion for summary judgment [27], the plaintiff's motion to dismiss the defendant's motion for summary judgment [36], and the plaintiff's letter motion [41] which asks the court not to dismiss his suit until he obtains counsel. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

The defendant's motion for summary judgment is not well-taken and should be denied because it fails to demonstrate that there are no genuine issues of material fact. Importantly, the defendant argues that the Fair Debt and Collection Practices Act does not apply in this case because Nationwide is not attempting to collect a debt, but rather was retained solely to conduct a non-judicial foreclosure. However, their February 14, 2008 letter to Mr. Shakir belies this assertion simply by the title of the document – "Notice Pursuant to Fair Debt Collection Practices Act 15 U.S.C. 1682" – and the first sentence of the second paragraph which clearly states: "This letter is an attempt **to collect a debt** and any information obtained by virtue of it will be used for that purpose." (emphasis added).

Accordingly, the plaintiff's motion to dismiss the defendant's motion for summary judgment should be denied as moot.

1

In his July 21, 2009 *pro se* letter sent to the court, the plaintiff asks the court to "not dismiss my suit without allowing me to get some help to show the disputes in this case." He states further that he is "attempting to contact counsels [sic] now that is working on similar cases to see if they can offer me help." The court takes this letter as a motion for more time to obtain counsel and concludes that the motion should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's motion for summary judgment [27] is **DENIED**;

(2) The plaintiff's motion to dismiss the defendant's motion for summary judgment [36] is **DENIED AS MOOT**; and

(3) The plaintiff's July 21, 2009 letter motion [41] is **GRANTED** insofar as the plaintiff has until October 16, 2009 by which to find new counsel at his own expense. If the plaintiff cannot obtain counsel by that date, he should send a letter to the court advising whether he wishes to proceed *pro se* or to a voluntary dismissal without prejudice.

**SO ORDERED** this the 16th day of September, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE