IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DAVID SHAKIR,                                                                       PLAINTIFF,

VS.                                                         CIVIL ACTION NO. 2:08CV178-P-A

NATIONWIDE TRUSTEE SERVICES, INC.,                                DEFENDANT.

## MEMORANDUM OPINION

This matter comes before the court upon Defendant Nationwide Trustee Services, Inc.'s January 29, 2010 second motion for summary judgment [51]. After due consideration of the motion, the court is prepared to rule.

## I. FACTUAL BACKGROUND

The plaintiff, David Shakir, filed the instant *pro se* civil action in the Circuit Court for DeSoto County, Mississippi on June 27, 2008. Essentially, the plaintiff alleges that Nationwide does not have the legal right to foreclose upon his residence because it has not verified that it is the holder of the deed of trust. In other words, the plaintiff complains that Nationwide has attempted to foreclose upon his house without validating the loan.

On July 28, 2008 the defendant removed the action to federal court, asserting federal question jurisdiction since the plaintiff alleges that the defendant violated the Fair Debt Collection Practices Act. No motion to remand was filed.

On September 16, 2009 the court entered an Order denying Nationwide's first motion for summary judgment, rejecting Nationwide's argument that it has not acted as a debt collector pursuant to the FDCPA given that it sent the plaintiff a letter on February 14, 2008 titled: "Notice Pursuant to Fair Debt Collection Practices Act 15 U.S.C. 1682" and the first line of the second

1

paragraph stated: "This letter is an attempt to collect a debt...."

On October 21, 2009 the plaintiff filed a document titled "Response to Court's Order for Summary Judgment," which has been viewed as a motion for summary judgment, wherein the plaintiff asked the court for a "relief of lien" and a refund of all payments plus interest based on the court's denial of the defendant's motion for summary judgment. The document also argued that because Nationwide had not yet produced the "original certified negotiable note," the court should compel them to do so.

On November 5, 2009 Nationwide filed a response wherein they argue, among other things, that they were properly assigned the subject deed of trust which gives them the contractual and statutory right to foreclose and, even if they were found to have violated the FDCPA by not validating the debt, the plaintiff would only be entitled to no more than $1000.00 pursuant to 15 U.S.C. §1692k, certainly not a "relief of the lien" and/or a refund of all payments plus interest.

On November 20, 2009 the plaintiff filed a motion to supplement his October 21, 2009 motion for summary judgment where he argues that pursuant to a non-binding Kansas Supreme Court decision, the defendant cannot foreclose upon his property because it did not show proof of holding the note.

On November 24, 2009 the defendant filed a response to the plaintiff's motion to supplement his motion for summary judgment. Nationwide reasserted the arguments therein in their second, January 29, 2010 motion for summary judgment.

The plaintiff had until February 18, 2010 by which to respond to the defendant's second motion for summary judgment. He neither filed a response, nor did he request additional time to do so. Thus, over two months have gone by without a response by the plaintiff and therefore the court

has no evidence that the plaintiff can create a genuine issue of material fact by rebutting the evidence and arguments presented by the defendant in their second motion for summary judgment.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

3

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Nationwide's Arguments**

Nationwide submits evidence that on April 4, 2007 the original deed of trust was executed between the plaintiff and Chase Bank USA, N.A., with Charles E. Reid named as the trustee and beneficiary for Chase Bank USA. The original deed of trust was recorded in the Chancery Clerk's office of DeSoto County, Mississippi in Deed of Trust Record Book 2,696 on page 439.

On March 20, 2008, Chase Bank USA, N.A. assigned the deed of trust to Chase Home Finance, LLC, which was recorded in Deed of Trust Record Book 2,895, page 309.

On April 24, 2008, Chase Home Finance, LLC appointed and substituted Nationwide Trustee Services, Inc. as trustee for the subject deed of trust. This was recorded in Deed of Trust Record Book 2,895, page 315 at the Chancery Clerk's office of DeSoto County.

Nationwide thus argues in the instant motion for summary judgment that it was clearly assigned the right to foreclose upon the plaintiff's property.

The defendant argues that the plaintiff's FDCPA claim fails as a matter of law because (1)

4

the land records reflect that Nationwide was assigned the right to foreclose; (2) Nationwide complied with 15 U.S.C. §1692g(a)'s requirement that it send to the debtor, within five days after the initial communication with a consumer regarding the collection of a debt, a written notice containing the basic details of the debt and informing the debtor of his right to dispute the debt as evidenced by Nationwide's February 14, 2008 "Notice Pursuant to Fair Debt Collection Practices Act 15 USC 1692"; (3) by ceasing foreclosure upon the filing of the instant lawsuit, Nationwide complied with 15 U.S.C. §1692g(b)'s requirement that upon a dispute by the debtor, the creditor shall cease collection of the debt until the debt collector gives verification of the debt; and (4) since neither §1692g(a) nor §1692g(b) give a time limit on when the debt collector must verify the debt after the debtor has disputed the debt, Nationwide did not violate the FDCPA by not sending the debtor verification of the debt until January 29, 2010 – especially given that foreclosure proceedings had been and remain halted during the pendency of this lawsuit.

Nationwide argues that the plaintiff's fraud claim also fails as a matter of law for failure to allege the fraud with particularity as required by Federal Rule of Civil Procedure 9(b). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994). Although the particularity demanded by Rule 9(b) differs with the facts of each case, see *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir.1992), a plaintiff pleading fraud must set forth "the who, what, when, and where ... before access to the discovery process is granted." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir.1997). Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim. See *Tuchman*, 14 F.3d at 1067.

Having considered the evidence and arguments submitted by Nationwide, and there being

no objection filed by the plaintiff as to the authenticity of the evidence, the court concludes that summary judgment should be granted in favor of Nationwide. This is because Nationwide has shown that there is no genuine issue of material fact warranting a trial and that judgment should be entered in Nationwide's favor. Nationwide has established, and the plaintiff has failed to rebut with substantial evidence that (a) Nationwide has the legal right to foreclose on the subject property since it was assigned the right by the debt holder; and (b) Nationwide complied with the FDCPA in its debt collection procedures since it ceased foreclosure proceedings during the pendency of this action and sent the plaintiff verification of the loan – albeit belatedly.

Furthermore, other than using the terms "fraud/identity fraud" in the title of his complaint, the plaintiff has never elaborated on the "who, what, when, and where" of the alleged fraud committed by Nationwide. He has had ample opportunity to do so and he chose not to. Accordingly, any such claim for fraud should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to plead fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b), and failure to show a genuine issue of material fact warranting a trial on the fraud claim pursuant to Federal Rule of Civil Procedure 56.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Defendant Nationwide Trustee Services, Inc.'s January 29, 2010 second motion for summary judgment [51] should be granted and that all of the plaintiff's claims should be dismissed with prejudice. Since Nationwide has established that it has the legal right to foreclose upon the subject residence and that it has complied with the FDCPA by ceasing foreclosure proceedings while the debt was in dispute and has sent the plaintiff verification of the debt, Nationwide may proceed to exercise its legal debt collection rights

in a manner according to law. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of April 15, 2010.

>　　　　　　　　　　　　　　　/s/ W. Allen Pepper, Jr.
>　　　　　　　　　　　　　　　W. ALLEN PEPPER, JR.
>　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE